### NAIRN LINOLEUM CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 21, 1907.)

No. 4,230.

1. CUSTOMS DUTIES—CLASSIFICATION—WOOD FLOUR.

Wood flour, produced by grinding small pieces of wood obtained by breaking or cutting waste wood, etc., is dutiable as a manufacture of wood under Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], and not as "wood pulp," under Schedule M, par. 393, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1671], nor as "waste" under Schedule N, par. 463, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679].

2. SAME—MANUFACTURES OF WOOD—EJUSDEM GENERIS.

The provision for "house or cabinet furniture, of wood, wholly or partly finished, and manufactures of wood," in Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], is intended to cover all finished manufactured wooden articles, however different they may be in nature or appearance from "house or cabinet furniture"; and wood flour, a completed product, already prepared for use, is therefore not to be excluded under the rule of ejusdem generis.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,325 (T. D. 27,242), affirming the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. This appeal brings up for review a decision of the General Appraisers declaring an article commercially known as "wood flour" to be dutiable under paragraph 208 of the tariff act of 1897 as a "manufacture of wood." Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647]. This substance is the same as received consideration in Goldman v. United States (C. C.) 87 Fed. 193. The testimony shows that it is produced by grinding in an appropriate machine containing millstones "waste wood, scrub wood, second growth timber." Before being fed into the mill, the wood is reduced to small pieces either by breaking or cutting. The substance, when completed, is perfectly dry and of about the consistency of meal.

The importer claims that it should have been assessed under paragraph 463 as waste, as was ground cork in Gudewill v. U. S. (C. C.) 142 Fed. 214 (T. D. 25,917), the testimony in which case is submitted as an exhibit in this proceeding. In the ground-cork case it was clearly shown that the only purpose of grinding the cork was to put it in convenient shape for transportation, and it was also shown that the cork so ground distinctly came within the meaning of the word "waste," as adopted in Standard Varnish Works v. United States, 59 Fed. 456, 8 C. C. A. 178. It also appeared that the ground cork was principally used for the manufacture of linoleum, and to fit it for that purpose it had to be "reground, pulverized and mixed with other materials." The wood flour under consideration is already prepared for use, and is a completed product.

The importer claims, in the alternative under paragraph 393, that the substance is known as "wood pulp." It does appear to be sometimes called "wood pulp" by those who sell it in this country, but the evidence falls far short of establishing any general commercial usage sufficiently clear to overthrow the decision below. Paragraph 208 enumerates "house or cabinet furniture, of wood, wholly or partly finished, and manufactures of wood * * * not specially provided for." Under this language the rule of ejusdem generis is invoked, and claim made that a substance such as wood flour should not be put in the same category with furniture. The article is undoubtedly of wood, and it is a finished manufacture, and it is not a waste or by-product. Paragraph 208 is the omnibus, or catch-all clause, of the wood schedule in the tariff, and appears to me to be intended to cover all finished manufactured wooden articles, however different they may be in nature or appearance from "house or cabinet furniture."

The decision of the appraisers is affirmed.